FILED
2017 Jun-21 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| MALDONADO CHACON RAMON ESTEBAN, | } } } |
| Petitioner, | } } |
| v. | } Case No.: 4:17-cv-00877-RDP-TMP } } |
| DEPARTMENT OF HOMELAND SECURITY, | } } |
| Respondent. | |

## MEMORANDUM OPINION

Petitioner, Maldonado Chacon Ramon Esteban, is being detained in the Etowah County Detention Center pending deportation and seeks release from detention. Petitioner has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1).

### I. Background

In September 2015, Petitioner was charged with violating 8 U.S.C. § 1325(a)(3), which prohibits any alien from entering or attempting to enter the United States by means of a "willfully false or misleading representation or the willful concealment of a material fact." (Doc. # 1 at p. 23; Doc. # 4-1 at ¶ 5). On October 6, 2015, Petitioner pleaded guilty in the U.S. District Court for the Western District of Texas for attempted illegal entry by false and misleading representation. (Doc. # 1 at p. 61; Doc. # 4-1 at ¶ 6). Following his plea, U.S. Immigration and Customs Enforcement (ICE) took custody of Petitioner. (Doc. # 4-1 at ¶ 7). Petitioner requested asylum in the United States, and his case was referred to U.S. Citizenship and Immigration Services, and then referred to an immigration judge. (Doc. # 1 at p. 58; Doc. # 4-1 at ¶¶ 7-8).

In January 2016, U.S. Citizenship and Immigration Services placed Petitioner in removal proceedings. (Doc. # 1 at p. 58; Doc. # 4-1 at ¶ 9). In October 2016, Petitioner appeared before an immigration judge, who denied Petitioner's request for asylum and ordered Petitioner removed to his native country. (Do. # 1 at p. 58; Doc. # 4-1 at ¶ 10). Petitioner appealed that decision to the Board of Immigration appeals, which dismissed the matter on April 13, 2017. (Doc. # 1 at p. 14; Doc. # 4-1 at ¶¶11, 13). Petitioner filed a motion to reconsider with the Board of Immigration Appeals in May 2017. (Doc. # 4-1 at ¶ 15).

**II.     Discussion**

Title 8 U.S.C. § 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This ninety day removal period begins to run on the latest of the following:

> (i) *The date the order of removal becomes administratively final*.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). During the ninety day removal period, the Attorney General is required to detain the alien. 8 U.S.C. § 1231(a)(2).

Petitioner's removal became administratively final on April 13, 2017, when the Board of Immigration Appeals dismissed his appeal. *Jaramillo v. I.N.S.*, 1 F.3d 1149, 1151 (11th Cir. 1993). Petitioner filed this action on May 30, 2017 – only 47 days after his removal became administratively final. (*See* Doc. # 1). Accordingly, this Petition filed this action within the

ninety day removal period. Because the Attorney General is authorized to detain Petitioner during this period, his petition is due to be denied as premature[1].

**DONE** and **ORDERED** this June 21, 2017.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] This opinion makes no finding regarding the possibility that a claim for habeas relief may later accrue. However, the court notes that the Supreme Court, in *Zadvydas*, found that § 1231(a) authorizes detention for a period reasonably necessary to accomplish the alien's removal. *Zadvydas v. Davis*, 533 U.S. 678, 699-700. And, the court found that six months is a presumptively reasonable period of time to allow the government to remove an alien after the removal period has commenced. *Id.* at 701.